NORTHWESTERN NAT. INS. CO. (CASHAU v.). See Case No. 2,499.

---

## Case No. 10,340.

In re NORTHWESTERN RY. CO.

[20 Int. Rev. Rec. 18.]

Circuit Court, W. D. Wisconsin. July 4, 1874.

CONSTITUTIONAL LAW — RESERVATION OF POWER TO ALTER RAILROAD CHARTER — VALIDITY.

1. The Wisconsin Railroad Law constitutional.

2. The clause in the constitution providing that the charters of railroad companies "may be altered or repealed by the legislature at any time after their passage" construed.

3. The effect of the law upon inter-state commerce not decided.

In equity.
Before DAVIS, Circuit Justice, DRUMMOND, Circuit Judge, and HOPKINS, District Judge.

DRUMMOND, Circuit Judge. We have not had time to prepare any opinion in the case, but, as it was thought desirable that there should be a decision upon the motion for an injunction, I am instructed by the court to present the following as its conclusions upon the points made for a preliminary injunction.

1. On the assumption that the act of the 11th of March, 1874 [Laws 1874, p. 599], "relating to railroads, express and telegraph companies in the state of Wisconsin," is invalid, we think the court has jurisdiction of the case. The bill is filed on behalf of citizens of Europe and of other states to enforce equitable rights, and to prevent action by the railroad commissioners which may result, as alleged, in serious injury to those rights. It was not necessary to wait until the commissioners had put the law in full operation, and its effects upon the railroad company had become complete, before the application against them was made to a court of equity. A very important function of that court is to prevent threatened wrong to the rights of property.

2. We are of opinion that the act of the 11th of March mentioned above was not repealed by the act of the 12th of March, 1874 [Laws 1874, p. 693], the second section of which declares "all existing corporations within this state shall have and possess all the powers and privileges contained * * * in their respective charters;" and the act of

the 12th of March, 1874, the ninth section of which imposes a penalty for extortionate charges. There are apparent inconsistencies between these last two named acts and that of the 11th of March; but it becomes a question of intendment on the part of the legislature. On the same day a joint resolution was passed (March 12) directing the secretary of state not to publish the act of the 11th of March until the 28th of April. In this state no general law is in force until after publication. We may consider the joint resolution in order to determine whether the legislature intended that the two acts passed on the same day should repeal the act of the 11th of March, and from that it is manifest such was not the intention of the legislature. Of the three acts, that of the 11th of March took effect last.

3. The charters of railroad corporations under the constitution of Wisconsin "may be altered or repealed by the legislature at any time after their passage." In legal effect, therefore, there was incorporated in all the numerous grants under which the Northwestern Railway Company now claims its rights of franchise and property in this state, the foregoing condition contained in the constitution. It became a part, by operation of law, of every contract or mortgage made by the company, or by any of its numerous predecessors, under which it claims. The share and bond holders took their stock or their securities subject to this paramount condition, and of which they, in law, had notice. If the corporation, by making a contract or deed of trust on its property, could clothe its creditors with an absolute, unchangeable right, it would enable the corporation, by its own act, to abrogate one of the provisions of the fundamental law of the state.

4. This principle is not changed by authority from the legislature of the state to a corporation to consolidate with a corporation of another state. The corporation of this state is still subject to the constitution of Wisconsin, and there is no power anywhere to remove it beyond the reach of its authority.

5. As to the rates for the transit of persons and property exclusively within the limits of this state, the legislature had the right to alter the terms of the charter of the Northwestern Railway Company, and the fact that such alteration might affect the value of its property or franchises cannot touch the question of power in the legislature. The repeal of its franchises would have well-nigh destroyed the value of its tangible property; and while the latter, as such, could not be taken, still its essential value for use on the railroad would be gone.

6. The fact that grants of land were made by congress to the state cannot change the rights of the corporation or of the creditors. If the state has not performed the trust it must answer to the United States.

7. The act of the 11th of March, 1874, while not interfering with the rates of freight on property transported entirely through the state to and from other states, includes within its terms property and persons transported on railroads from other states into Wisconsin, and from Wisconsin into other states. This act either establishes or authorizes the railroad commissioners to establish fixed rates of freight and fare on such persons and property. The Case of State Freight Tax, reported in 15 Wall. [80 U. S.] 232, decides that this last-described traffic constitutes "commerce between the several states," and that the regulation thereof belongs exclusively to congress. It becomes, therefore, a very grave question whether it is competent for the state arbitrarily to fix certain rates for the transportation of persons and property of this inter-state commerce, as the right to reduce rates implies also the right to raise them. There may be serious doubts whether this can be done. This point was not fully argued by the counsel, and scarcely at all by the counsel of the defendants, and, under the circumstances, we do not at present feel warranted, on this ground alone, to order the issue of an injunction. If desired by the plaintiffs, it may be further considered at a future time, either on demurrer to the bill or in such other form as may fairly present the question for our consideration.

The motion for an injunction is overruled.